IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LANCE JOSEPH PARKER                                                                    PLAINTIFF

v.                              Civil No. 3:20-cv-03036

SHERIFF JIM ROSS, Carroll County,
Arkansas; CAPTAIN LOOKINGBILL;
MAJOR WILLIAMS; CAPTAIN CHAD
COLE; LIEUTENANT HERRLIN; NURSE
WATKINS; NURSE C. KAUFFMAN; and
CORY SPAIN                                                                             DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). When Plaintiff filed this action, he was incarcerated in the Carroll County Detention Center. Plaintiff is no longer incarcerated, and the last address provided to the Court by the Plaintiff was in Ozark, Missouri. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.   DISCUSSION

On March 3, 2021, an Order (ECF No. 40) was entered requiring Plaintiff to submit a new IFP application in view of the fact that he was no longer incarcerated. The new IFP application was due on March 24, 2021. Plaintiff was advised that failure to file the IFP application or pay the filing fee would subject the case to dismissal.

On March 11, 2021, the Defendants filed a Motion for Summary Judgment (ECF No. 41). The following day, an Order (ECF No. 44) was entered directing Plaintiff to file a response to the

1

Motion for Summary Judgment by April 2, 2021. Plaintiff was advised that failure to respond to the Order would subject the case to dismissal without prejudice.

On March 19 and 29, 2021, mail was returned to the Court as "undeliverable." (ECF Nos. 46, 47). The mail was then re-sent to a post office box in Ozark, Missouri, an address provided by Plaintiff to the Court on March 19, 2021. (ECF No. 45).

To date, Plaintiff has not filed a new IFP application or paid the filing fee. He has not filed a response to the Motion for Summary Judgment. He has not requested an extension of time to file the IFP application or his summary judgment response. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 40, 44).

On April 6, 2021, a Show Cause Order (ECF No. 48) was entered. Plaintiff was given until April 27, 2021, to show cause why he failed to comply with the Court Orders (ECF Nos. 40, 44). Plaintiff was advised that failure to respond to the Show Cause Order would result in the dismissal of this case. Plaintiff has not responded or sought an extension of time to do so. No mail has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently. Plaintiff has failed to do so.

## II.    CONCLUSION

For these reasons, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).  Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of May 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE